Kohn v. State.


## ARSON—CRIMINAL LAW.

[Hamilton (1st) Circuit Court, April 15, 1911.]

Smith, Swing and Jones, JJ.

HARRY KOHN v. STATE OF OHIO.

**Failure to Establish Corpus Delicti Before Incriminating Evidence is Introduced not Erroneous.**

> A conviction for arson will not be reversed for failure to establish the corpus delicti before evidence tending to incriminate accused is introduced, if the burning of the property is not disputed and the same evidence which established criminal agency also bears upon the question of the guilt of the accused.

ERROR to common pleas court.

*Littleford, James, Frost & Foster,* for plaintiff in error.
*Henry T. Hunt,* for defendant in error.

## JONES, J.

Plaintiff in error was convicted at the April term, 1910, of the common pleas court of the crime of arson.

The main point relied on for reversal of the judgment below is that evidence was allowed to be offered by the state of alleged suspicious and incriminating conduct of the defendant before the *corpus delicti* was established.

It is true, as a general rule, that the *corpus delicti* must be proven in a criminal case before any evidence is offered as to the guilt of the accused.

But this rule has its exceptions as all rules have, and we think this case furnishes one of them.

There is no question about the burning of the property. The same evidence which shows a criminal agency as to the fire also shows the guilt of the accused and in such case the evidence may be offered at the same time. *State* v. *Davis*, 48 Kan. 1 [28 Pac. Rep. 1092] ; *State* v. *Potter*, 52 Vt. 33 ; Best, Evidence Sec. 442.

The burning being admitted, the second element in the crime of arson, that of criminal agency, remained to be proven.

27 O. C. C. Vol. 33.

Hamilton County.

This was proven to the satisfaction of the jury by the same evidence which fastened the crime upon Kohn—namely, his conduct and statements before and after the fire, which were not only suspicious and reprehensible, but wholly inconsistent with any theory other than his guilty knowledge of and criminal connection with the origin of the fire.

We think, therefore, that the *corpus delicti* was properly proven and that the record shows no error prejudicial to plaintiff.

It is contended with force and ability that the testimony of witness Hazel Helvey as to a conversation had with one Levison was inadmissible. No exception was taken to its admission and hence we do not feel called upon to determine its competency.

We find no error in the record and the judgment below is affirmed.

**Smith** and **Swing, JJ.**, concur.

---

## PATENTS—SPECIFIC PERFORMANCE.

[Stark (5th) Circuit Court, March, 1912.]

Powell, Voorhees and Niman, JJ.

(Judge Niman of the 8th circuit sitting in place of Judge Shields.)

FRANK TYSON ET AL. v. MILLER-TYSON CO. ET AL.

Specific Performance of Parol Agreement to Assign Deed of Patent Upon Consideration of Continuance of Business of Manufacture and Position not Enforcible Because Lacking in Mutuality and Definiteness.

Specific performance does not lie to enforce a parol agreement to assign deeds of certain patents to a firm exclusively manufacturing and selling the inventions upon a royalty basis, in which firm the inventor held stock, was employed as superintendent and to experiment and invent new patents, where the only consideration therefor was the inventor's interest in dividends, assurance of a permanent position with the company and promise to finance the company and keep it going; and especially where no action was taken by the board of directors to effect the terms of the agreement or authorize any one to make such an agreement. Such contract lacks the elements of definiteness and mutuality necessary to secure performance.

[Syllabus approved by the court.]